USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-6-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARIAN C. JOBE,

                Petitioner,

    - against -

FEDERAL BUREAU OF PRISONS, et al.,

                Respondents.

REPORT AND
RECOMMENDATION
14-CV-701 (CM) (RLE)

**TO THE HONORABLE COLLEEN MCMAHON, U.S.D.J.:**

## I. INTRODUCTION

On February 3, 2014, Darian C. Jobe ("Jobe"), a prisoner in the custody of the U. S. Bureau of Prisons ("BOP"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging the computation of his sentence. (Pet. for Writ of Habeas Corpus ("Pet.").) At the time of filing, Jobe was incarcerated at the Federal Correctional Institution ("FCI") Otisville in New York. (*Id.*) Jobe contends that the BOP miscalculated his prison sentence in violation of the U.S. Constitution and seeks to receive: (1) credit towards his federal sentence for time served while he was in state custody between March 1, 2012, and January 3, 2013; or, in the alternative, (2) credit towards his federal sentence for time served while he was in state custody between November 25, 2012, and February 3, 2013.[1] (*Id.*) For the reasons below, I recommend that Jobe's petition be **DENIED**.

---

[1] Jobe likely meant to request credit for the period between November 25, 2012, and January 3, 2013 (the date he was sentenced in Texas state court).

## II.  BACKGROUND

## A. Factual Background

### 1. Original Conviction

On February 22, 2006, Jobe was convicted in the U.S. District Court for the Western District of Texas of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and sentenced to sixty months of imprisonment, followed by three years of supervised release. (Declaration of Andrew Roush ("Roush Decl."), Ex. V.) Having served approximately forty-two months of his sixty-month sentence and receiving good conduct credit for the remaining months, Jobe began supervised release on August 14, 2009. (*Id.*, Ex. B.)

### 2. Violation of Supervised Release

On July 15, 2010, police arrested Jobe for using controlled substances, a violation of his supervised release conditions. *United States v. Jobe*, No. A–05–CR–112 LY, 2011 WL 2039123, at *1 (W.D. Tex. May 24, 2011). Following the arrest, U.S. District Judge Lee Yeakel modified Jobe's supervision to include 180 days in a halfway house. *Id.* The halfway house discharged Jobe on January 18, 2011. *Id.* During his stay in the halfway house, Jobe failed to participate in a substance abuse treatment program. *Id.* In addition, upon leaving the halfway house, Jobe failed to report to his probation officer, and state police arrested him for evading arrest in a separate incident. *Id.* On May 16, 2011, while in state custody for evading arrest, federal officers arrested Jobe for violating the terms of his supervised release by failing to attend a drug abuse counseling program during his stay at the halfway house, and failing to report to his probation officer upon leaving the halfway house. *Id.* The U.S. Probation Office thereafter amended the petition against Jobe to include his state arrest for evading arrest as an additional violation of the terms of his supervised release. *Id.* On May 26, 2011, Judge Yeakel revoked

2

Jobe's supervised release and sentenced him to imprisonment for fourteen months, with no term of supervised release after imprisonment. (Roush Decl., Ex. A.)

### 3. Escape from the Halfway House

Jobe served approximately five months of his fourteen-month sentence at FCI Beaumont. (*Id.*, Ex. B.) On October 17, 2011, he was transferred to a halfway house to serve the remainder of his sentence. (*Id.*, Ex. U.) On February 12, 2012, only about a month before his projected release date, Jobe failed to return to the halfway house and was placed on escape status. (*Id.*) Because of his escape, the U.S. District Court for the Western District of Texas issued a warrant for Jobe's arrest on March 5, 2012. (*Id.*, Ex. F.)

### 4. State Arrest and Indictment

On March 1, 2012, Texas police officers arrested Jobe for endangering the welfare of a child and evading arrest, in violation of § 22.041 and § 38.04 of the Texas Penal Code. (*Id.*, Ex. C.) A Texas grand jury indicted Jobe on these charges on March 22, 2012, and April 30, 2012, respectively. (*Id.*, Exs. D, E.)

### 5. Federal Indictment and Sentence

While in state custody, Jobe was indicted on June 5, 2012, in the Western District of Texas for escape, in violation of 18 U.S.C. § 751(a), and possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1) and (b)(1)(A). (*Id.*, Ex. G.) On June 15, 2012, Jobe was transferred to temporary federal custody pursuant to a writ of habeas corpus *ad prosequendum.* (*Id.*, Ex. L.) The writ required the warden of the Travis County Correctional Complex to surrender Jobe to the U.S. Marshal ("USM") for the Western District of Texas for court proceedings in the federal case against him. (*Id.*, Exs. H, I.) On October 18, 2012, Jobe was sentenced in the Western District of Texas to a twelve-month prison term for escape and a

sixty-month prison term for possession with intent to distribute cocaine,[2] to be served consecutively. (*Id.*, Ex. K.) The court also sentenced Jobe to three years of supervised release following his imprisonment. (*Id.*) On October 22, 2012, the USM returned Jobe to state custody for prosecution on the state charges against him. (*Id.*, Ex. L.)

### 6. State Conviction and Sentence

On January 3, 2013, Jobe was convicted in Texas state court of endangering the welfare of a child and evading arrest, and sentenced to nine months of imprisonment for each charge, to be served concurrently. (*Id.*, Exs. M, N.) Because Jobe was in primary state custody beginning on March 1, 2012,[3] he received credit for time served and his nine months were discharged on November 25, 2012. (*Id.*) Jobe remained in state prison between November 26, 2012, and January 8, 2013, when he was transferred to federal custody to serve his seventy-two month federal prison sentence.[4] (*Id.*, Ex. L.)

### III. DISCUSSION

#### A. Threshold Issues

##### 1. Timeliness

Jobe's Petition is timely. A petitioner may file an application for a writ of habeas corpus pursuant to § 2241 at any time during his incarceration. Circuit courts that have considered the issue of timeliness pursuant to § 2241 agree that no statute of limitations applies to a federal prisoner's filing a § 2241 petition. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102 (2d Cir. 2008);

---

[2] Although Jobe was indicted under 21 U.S.C. § 841 (b)(1)(A) for possession with intent to distribute cocaine, he was sentenced for that crime under 21 U.S.C. § 841 (b)(1)(C). (Roush Decl., Ex. K.)

[3] Jobe received credit toward his state sentence for the period between June 15, 2012, and October 22, 2012 (the time he spent in temporary federal custody pursuant to a writ of *ad prosequendum*). (Roush Decl., Ex. L.)

[4] BOP computed Jobe's federal sentence to resume on November 26, 2012 (the date after his state sentence was discharged) rather than on January 8, 2013 (the date he was transferred to federal custody). (Roush Decl., Ex. V.)

4

*see also Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012); *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009); *Morales v. Bezy*, 499 F.3d 668 (7th Cir. 2007). Because there is no statute of limitations on a § 2241 petition, Jobe's Petition is timely.

## 2. Exhaustion

Jobe has exhausted all administrative remedies available to him. While no statutory exhaustion requirement exists under § 2241, a federal prisoner must exhaust administrative remedies before filing a habeas petition. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629 (2d Cir. 2001); *see also Beharry v. Ashcroft*, 329 F.3d 51 (2d Cir. 2003). Failure to exhaust administrative remedies may be excused when a court determines that exhaustion would have been futile. *Rosenthal v. Killian*, 667 F. Supp. 2d 364 (S.D.N.Y. 2009).

Federal prisoners challenging any aspect of their confinement can pursue administrative remedies through the Administrative Remedy Program ("ARP"). *See* 28 C.F.R. § 542.10-542.19; *Martinez v. United States*, 19 F.3d 97, 99 (2d Cir. 1994) (finding that a prisoner seeking credit towards his sentence for time served must exhaust administrative remedies under 28 C.F.R. § 542.10-542.16 before appealing to the district court). The ARP allows prisoners to attempt the following administrative remedies: (1) informal request to staff; (2) formal written administrative remedy request to the warden; (3) appeal of the warden's decision to the appropriate regional director; and (4) appeal of the regional director's decision to the general counsel. 28 C.F.R. § 542.13-542.15. No administrative remedy exists beyond appeal to the general counsel. *Id.*

Jobe exhausted all the remedies available to him through the ARP. On March 5, 2013, he submitted a BP-8, the form for informal resolution, to appropriate staff. (Pet., Ex. D.) Jobe's informal request for time credit was denied the next day and he pursued a formal written

5

administrative remedy request, which the warden received on March 18, 2013. (*Id.*) On April 8, 2013, the warden of FCI Otisville denied Jobe's written request. (*Id.*) On July 3, 2013, Jobe appealed to the regional director, claiming credit for time served between March 1, 2012 (the date he was arrested by state authorities), and January 7, 2013 (the day before he was transferred to federal custody). (*Id.*) It is not clear from the record whether Jobe received a response from the regional director because Jobe did not include a response in his exhibits provided to the Court.

On August 28, 2013, Jobe appealed to the BOP Central Office, the final administrative remedy available. (*Id.*) Jobe's appeal was treated as a request for *nunc pro tunc* designation, which, if approved, would retroactively designate the Texas state prison (where Jobe was incarcerated between March 1, 2012, and January 8, 2013) as an adequate facility for the concurrent service of Jobe's federal sentence. (*Id.*) After reviewing the merits of Jobe's case, the BOP Designation and Sentence Computation Center denied his request for *nunc pro tunc* designation. (*Id.*)

Because Jobe has exhausted all appeal opportunities available within the BOP, he has satisfied the exhaustion requirement.

## B. Merits of the Claims

### 1. Standard of Review

Any review of the BOP's denial of a *nunc pro tunc* request is limited to abuse of discretion. *McCarthy v. Doe,* 146 F.3d 118 (2d Cir. 1998); *Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990). Courts have conducted abuse of discretion review by analyzing whether the BOP considered all factors in 18 U.S.C. § 3621(b) ("§ 3621(b)") as required by *Barden. See, e.g., Abdul-Malik v. Hawk-Sawyer,* 403 F.3d 72, 76 (2d Cir. 2005); *Trowell v. Beeler,* 135 Fed.

6

App'x. 590, 594–96 (4th Cir. 2005); *Fortney v. Yancey,* No. 2:05–cv–2168–RBH, 2007 WL 1202766 (D.S.C. Apr. 20, 2007).

Here, the BOP appropriately treated Jobe's request as a claim for *nunc pro tunc* designation since Jobe (1) sought to receive credit towards his federal sentence for time served in state prison, and (2) did not make his request while in state prison, but did so after he had been transferred to a federal facility. Abuse of discretion review is therefore appropriate.

## 2. The BOP did not abuse its discretion in denying Jobe's request for *nunc pro tunc* designation

Although Jobe requested credit for the period between March 1, 2012, and January 3, 2013, his only valid request is for credit between March 1, 2012, and November 25, 2012. BOP calculated Jobe's federal sentence to commence on May 26, 2011, but considered it inoperative (not running) between February 13, 2012, and November 25, 2012 (the period during which BOP denied Jobe's *nunc pro tunc* request). (Roush Decl., Ex. V.) After November 25, 2012, BOP did not compute any other periods of inoperative time. In other words, Jobe's sentence resumed running on November 26, 2012, and continues to run to this day. Therefore, Jobe's only valid request here is for credit towards his federal sentence for the period between March 1, 2012, and November 25, 2012.

Granting Jobe's request for *nunc pro tunc* designation of the Texas state prison as a place of confinement for his federal sentence would effectively allow Jobe's state and federal sentences to run concurrently. The BOP does not have authority to decide whether a sentence should run concurrently or consecutively to other sentences where the statutory presumptions of 18 U.S.C. § 3584(a) ("§ 3584(a)") are applicable. *McCarthy*, 146 F.3d at 122. Section 3584(a) presumes that "terms of imprisonment imposed at different times run consecutively." That presumption, however, only applies "where a term of imprisonment is imposed on a defendant

7

who is already subject to an undischarged term of imprisonment." § 3584(a). The presumption of § 3584(a) is inapplicable where a federal court imposes a sentence on a defendant who is not already subject to a state sentence. *McCarthy,* 146 F.3d at 121-22; *see also Abdul-Malik v. Hawk-Sawyer,* 403 F.3d 72 (2d Cir. 2005). In other words, where a federal court sentences a defendant before a state court does, the statutory presumption of § 3584(a) does not apply. *Id.*

### a. The presumption applies to Jobe's federal sentence

The federal court imposed Jobe's fourteen-month prison sentence for violating supervised release on May 26, 2011, and imposed his seventy-two month prison sentence for escape and possession with intent to distribute cocaine on October 18, 2012. Because Jobe escaped before the completion of his fourteen-month federal sentence, he was subject to an undischarged term of imprisonment at the time that his new federal sentence (for escape and possession with intent to distribute) was imposed. Thus, the presumption of § 3584(a) applies to Jobe's federal sentences.

Since the statutory presumption is applicable to his federal sentences, Jobe's fourteen-month sentence for violating supervised release and his seventy-two month sentence for escape and possession with intent to distribute cocaine were correctly presumed to run consecutively. The federal sentences were correctly aggregated pursuant to 18 U.S.C. § 3584(c) for a total imprisonment term of eighty-six months. In addition, the BOP exercised its discretion when it determined that the date of commencement of Jobe's prison term was May 26, 2011.

### b. The presumption does not apply to Jobe's state sentence

While Jobe's federal sentence for escape and possession with intent to distribute cocaine was imposed after his federal sentence for violating supervised release, it was imposed *before* his state sentence. Therefore, the presumption of § 3584(a) does not apply to Jobe's state prison

term, and the BOP was required to provide full and fair consideration of Jobe's *nunc pro tunc* request.

Where the § 3584(a) presumption is applicable (i.e., multiple sentences imposed at different times run consecutively), the terms should be treated as a single aggregate for administrative purposes. 18 U.S.C. § 3584(c). In addition, the BOP has discretion to decide when the aggregate sentence begins. *United States v. Pineyro*, 112 F.3d 43 (2d Cir. 1997).

Where the § 3584(a) presumption is inapplicable, the BOP may designate a state facility as a place of confinement for the inmate to serve a federal sentence, effectively allowing the state and federal sentences to run concurrently. *McCarthy*, 146 F.3d at 122; *see also* 18 U.S.C. § 3621(b) (giving authority to the BOP to "designate the place of the prisoner's imprisonment"). A prisoner may request and the BOP make such a designation retroactively after the inmate has been moved to a federal facility (a *nunc pro tunc* designation). *McCarthy*, 146 F.3d at 123; BOP Program Statement No. 5160.05 (adding its own set of factors to consider in granting *nunc pro tunc* designation). The BOP must give full and fair consideration to a prisoner's request for *nunc pro tunc* designation by analyzing the factors outlined in § 3621(b). *McCarthy*, 146 F.3d at 123; *Barden*, 921 F.2d at 483.

The BOP considered all five factors under § 3621(b), as required by *Barden*. Specifically, the BOP provided a worksheet listing five factors[5] with a brief explanation of why the *nunc pro tunc* designation is inappropriate under each factor. (Roush Decl., Ex. S.) First, the BOP considered "the resources of the facility contemplated" and indicated that Jobe is currently in a medium-security federal facility. (*Id.*) Second, the BOP took into account "the nature and circumstances of the offense" and concluded that Jobe's "federal and state charges are related

---

[5] The five factors listed in the worksheet directly mirror those in § 3621(b).

only in that the state offense was committed while on federal escape status." (*Id.*) Under the third factor, "the history and characteristics of the prisoner," the BOP provided a list of Jobe's federal and state offenses, including his federal disciplinary record.[6] Under the fourth factor, "any statement by the court that imposed the sentence," the BOP quoted Judge Yeakel as expressing no preference with regard to whether Jobe's sentence should run concurrently or consecutively.[7] (*Id.*) Finally, the BOP found that the fifth factor, "any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28," is not applicable to Jobe's case. (*Id.*)

Because the BOP took into account all five factors under § 3621(b), it provided full and fair consideration to Jobe's *nunc pro tunc* request. Accordingly, the BOP did not abuse its discretion in denying Jobe's request.

### 3. Jobe's request for credit against his federal sentence for time served in state custody between November 25, 2012, and February 3, 2013 is moot

In exercising its discretion, the BOP calculated Jobe's federal sentence to begin on May 26, 2011 (the date that the court imposed his fourteen-month prison sentence for violating supervised release). (Roush Decl., Ex. V.) The BOP calculated Jobe's sentence as operative from May 26, 2011, to February 12, 2012, the date Jobe escaped from federal custody. (*Id.*) According to the BOP's calculation, Jobe's sentence returned to operative status on November 26, 2012, the day after his state sentence was discharged, and remains operative to this day. (*Id.*) Thus, Jobe has already been credited for time served between November 25, 2012, and February 3, 2013, and his claim should be dismissed as moot.

---

[6] Under the third factor, the BOP indicated that it requested, but did not receive, Jobe's state disciplinary records.

[7] On October 11, 2013, the BOP contacted Judge Yeakel to request an opinion regarding *nunc pro tunc* designation. Judge Yeakel responded, "[T]he Bureau should administer Mr. Jobe's sentence in accordance with federal statutes and Bureau policy. This court expresses no preference with regard to whether Mr. Jobe's sentence should run concurrent or consecutive to the state term." (Roush Decl., Ex. R.)

10

## IV. CONCLUSION

For the reasons stated above, I recommend that the Court **DENY** Jobe's Petition. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 1640, New York, NY 10007 and to the chambers of the undersigned, 500 Pearl Street, Room 1970, New York, NY 10007. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the U.S. Court of Appeals. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**DATED: May 6, 2015**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge